JS-6

FILED
CLERK, U.S. DISTRICT COURT

5/11/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAZLEY UNDERWRITING, LTD., <br><br> Plaintiff, <br><br> v. <br><br> FITNESS INTERNATIONAL, LLC, <br><br> Defendant. | Case No.: SACV 21-00642-CJC (DFMx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIM [Dkt. 9]** |

## I. INTRODUCTION

Plaintiff Beazley Underwriting, Ltd. ("Beazley") filed this action for declaratory judgment against Defendant Fitness International, LLC ("Fitness International") to determine whether Fitness International's COVID-related losses are covered by its

-1-

insurance policy with Beazley.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Now before the Court is Fitness International's motion to dismiss or stay Beazley's claim.  (Dkt. 9-1 [hereinafter "Mot."].)  For the following reasons, Fitness International's motion to stay is **GRANTED**.[1]

## II. BACKGROUND

Fitness International operates over 700 fitness centers across the United States, with over 100 locations in California and nearly 30 in Washington state.  (Compl. ¶ 11; Dkt. 9-2 [Declaration of Michael Finnegan, hereinafter "Finnegan Decl."] Ex A ¶ 9.)  Fitness International's properties are covered by a subscription insurance policy issued by Zurich American Insurance Company ("Zurich"), which provides coverage for property damage and loss of business income.  (Compl. ¶¶ 11–15.)  In a subscription policy, various individual insurers, like Beazley, cover or "subscribe" to smaller portions of the overall policy.  (*See id.* ¶ 12.)  Beazley is one of eleven insurers subscribed to Fitness International's overall 2020–2021 policy.  Each policy issued by an individual insurer incorporates the Zurich master policy along with additional forms required by that individual insurer.  (*See id.* ¶¶ 28, 39.)

After not receiving coverage for COVID-related losses under both its 2019–2020 and 2020–2021 policies, Fitness International filed two separate lawsuits.  First, in September 2020, Fitness International filed a complaint against its 2019–2020 insurers in Orange County Superior Court.  (*Id.* ¶ 15.)  The case was then removed to this District but Fitness International voluntarily dismissed its claims before the court ruled on the insurers' motion to dismiss.  (*Id.* ¶¶ 16–17.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 24, 2021 at 1:30 p.m. is hereby vacated and off calendar.

On January 6, 2021, the same day that Fitness International voluntarily dismissed its claims, it filed similar claims against the 2019–2020 insurers in Washington state court. (*Id.* ¶ 18.) Then, after receiving "no meaningful response" from its 2020–2021 insurers about its claims for that year, Fitness International sought to file a second lawsuit in Washington state court against those insurers. (Mot. at 5.) Before Fitness International could do so, however, Washington law required it to provide a 20-day notice to the defendants. (*See* Compl. ¶¶ 22–23.) Fitness International provided the 2020–2021 insurers, including Beazley, with notice of its intent to file suit on March 18, 2021. (*Id.*)

On April 6, 2021, before Fitness International could file its lawsuit against the 2020–2021 insurers, Beazley filed this action seeking a declaratory judgment to determine "whether Fitness International is entitled to business income coverage and/or coverage for property damage for its claimed COVID-19 losses." (*Id.* ¶ 24.) Two days later, on April 8, Fitness International filed its claims for declaratory relief and breach of contract against the 2020–2021 insurers in Washington state court. (Finnegan Decl. Ex. A.) On May 7, 2021, the Washington state court consolidated Fitness International's suit against the 2020–2021 insurers with its earlier suit against the 2019–2020 insurers. (Dkt. 13-1 ¶ 4.) The insurers have filed a motion to dismiss based on *forum non conveniens* which is still pending before the Washington court. (*Id.* ¶ 5.)

## III. DISCUSSION

District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Court has "broad discretion" to stay declaratory judgment actions when related state proceedings are pending. *See id.* at 282–83. The factors guiding the Court's exercise of

discretion were set out by the Supreme Court in *Brillhart v. Excess Insurance Company*, 316 U.S. 491, 495 (1942). As explained by the Ninth Circuit, the *Brillhart* factors include the following: "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."[2] *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). In addition, "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Id.* (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)). In the insurance context, a claim for declaratory judgment to determine coverage may be stayed pending resolution of the underlying state court action. *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), *overruled on other grounds by Dizol*, 133 F.3d at 1220. In this context, a stay is appropriate even when there are "differences in factual and legal issues between the state and federal court proceedings" or when the insurer is not a party to the state court action. *Id.*

Under the first *Brillhart* factor, entertaining Beazley's declaratory judgment action would require needless determination of state law issues. The parties do not dispute that the coverage issues in the Complaint will be decided by applying state insurance and contract law. Determining whether Fitness International's COVID-related losses are covered by its insurance policy with Beazley would necessarily require interpretation of the insurance policy, which is an area traditionally within the purview of the states. *See*

---

[2] The Ninth Circuit has acknowledged that these factors are not exhaustive. Other relevant considerations include: "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." *Dizol*, 133 F.3d at 1237 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring)) (internal quotation marks omitted).

*Sec. & Exch. Comm'n v. Nat'l Sec., Inc.*, 393 U.S. 453, 458 (1969) ("[T]he continued regulation and taxation by the several States of the business of insurance is in the public interest." (quoting the McCarran–Ferguson Act, 15 U.S.C. § 1011)).

Under the second *Brillhart* factor—discouragement of forum shopping—nothing before the Court indicates that Beazley could not have waited for the Washington state court to resolve the issue of whether Fitness International's COVID-related losses are covered by its insurance policy with Beazley.[3]  Therefore, the discouragement of forum shopping counsels somewhat against allowing this action to proceed.  *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1220.

Finally, under the third *Brillhart* factor, the Court concludes that deciding Beazley's declaratory judgment action would result in duplicative litigation.  In Fitness International's Washington action, it seeks, among other things, a declaratory judgment that the losses it suffered are "covered by the 2020/2021 Policy[] and that the Defendant insurers are responsible for fully and timely paying [its] losses."  (Finnegan Decl. Ex. A at 67.)  Similarly, Beazley's current suit seeks a declaratory judgment that Fitness International's "claimed business income losses for COVID-19 constitute covered losses under the Policy."  (Compl. ¶ 46.)  Beazley's suit thus requires the Court to make factual and legal determinations that substantially overlap with the Washington litigation.  This would be an inefficient use of judicial resources.

//
//
//

---

[3] Indeed, Beazley's fellow defendants in the Washington litigation have already filed a motion to dismiss based on *forum non conveniens* which is still pending before the Washington court.  (*Id.* ¶ 5.)

## V. CONCLUSION

For the foregoing reasons, Fitness International's motion to stay is **GRANTED**. The Clerk is ordered to administrative close the case.

DATED: May 11, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE